**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

MARZUQ AL-HAKIM,

    Plaintiff,

v.                                                        Case No. 8:06-CV-2362-T-30MSS

STATE OF FLORIDA,
13TH JUDICIAL CIRCUIT COURT,
SECOND DISTRICT COURT OF APPEAL,
and SUPREME COURT OF FLORIDA,

    Defendants.
_____/

## ORDER

This matter is before the Court for consideration of the civil rights complaint filed pursuant to 42 U.S.C. § 1983 by Plaintiff, a State of Florida inmate proceeding *pro se*, and a Motion for Preliminary Injunction Seeking Grand Jury Investigation on State Official Corruption (Dkt. 2). Plaintiff did not pay the filing fee.

On April 26, 1996, the President signed into law the Prison Litigation Reform Act ("PLRA"), which amended 28 U.S.C. § 1915 by adding the following new subsection:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). Prisoner actions dismissed both before and after the enactment of the PLRA are considered under § 1915(g). *Rivera v. Allin*, 144 F.3d 719, 729-730 (11th Cir. 1998).

Plaintiff has previously filed several cases in this Court, many of which were dismissed on the ground that they were frivolous or failed to state a claim upon which relief may be granted. Among those so dismissed are the following: Case Nos. 8:94-CV-679-T-17EAJ and 8:95-CV-1908-T-17TBM (failure to state a claim); 8:96-CV-2000-T-25MAP (frivolous); 8:04-CV-2693-T-23MSS (failure to state a claim); and 8:05-CV-1825-T-24EAJ (frivolous/failure to state a claim). Court records also show that Plaintiff has been barred from filing new civil rights actions based on the provisions in § 1915(g) in Case Nos. 8:00-CV-47-T-25MSS, 8:00-CV-391-T-24EAJ, 8:02-CV-756-T-17EAJ, and 8:02-CV-2014-T-30TBM. In addition, Plaintiff's appeals in Case Nos. 8:00-CV-47-T-25MSS and 8:00-CV-391-T-24EAJ were dismissed as frivolous.

Because Plaintiff has had three or more prior qualifying dismissals under § 1915(g) and is not under imminent danger of serious physical injury, this action will be dismissed without prejudice.

ACCORDINGLY, the Court **ORDERS** that:

1. The Motion for Preliminary Injunction Seeking Grand Jury Investigation on State Official Corruption (Dkt. 2) is **DENIED**.

2. The complaint is **DISMISSED** without prejudice to Plaintiff refiling the complaint in a new case, with a new case number, upon payment of the $350.00 filing fee.

3. The **Clerk** is directed to terminate all pending motions and close this case.

**DONE** and **ORDERED** in Tampa, Florida on December 29, 2006.

_____
JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

Copy furnished to:
*Pro se* Plaintiff
SA:jsh